FILED
U.S. DISTRICT COURT
BR'K DIV.
2011 JUL -6 AM 9:45
CLERK R.O.K
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

ROMAIN DANIEL,

    Petitioner,

vs.

ANTHONY HAYNES, Warden,

    Respondent.

CIVIL ACTION NO.: CV210-118

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Romain Daniel ("Daniel"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), has filed a petition for writ of habeas corpus pursuant to the provisions of 28 U.S.C. § 2241. Respondent filed a Response, and Daniel filed a Traverse. Respondent filed a Supplemental Response, to which Daniel responded. For the following reasons, Daniel's petition should be **DISMISSED**.

## STATEMENT OF THE FACTS

Daniel was convicted in the Southern District of Florida, after entry of a guilty plea, of: possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846; and possession of a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c). Daniel was sentenced to 292 months' imprisonment, after the trial judge determined Daniel qualified as a career offender, on the drug count and to a mandatory 60 months' imprisonment on the

firearms count, to be served consecutively. (Doc. No. 18-5). Daniel did not file a direct appeal.

Daniel filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. In his motion, Daniel contended that his counsel was ineffective during his sentencing by failing to object to the amount of crack cocaine used to calculate his base offense level and to discover prior convictions used to establish his criminal history category. Daniel also contended that the government breached the plea agreement by allowing the trial judge to use the amount of crack cocaine from a dismissed count to calculate his Guidelines offense level. Daniel further contended that he was sentenced as a repeat offender pursuant to 21 U.S.C. § 851 without notice and that invalid convictions were used to enhance his sentence. (Doc. Nos. 18-6, 18-7). Daniel's motion was denied (Doc. Nos. 18-13, 18-14), and the Eleventh Circuit Court of Appeals affirmed this denial. (Doc. No. 18-15).

Daniel filed another section 2255 motion, or, in the alternative, a Federal Rule of Civil Procedure 60 motion, in which he alleged that his sentence violated Apprendi v. New Jersey, 530 U.S. 466 (2000), because the indictment did not specify a drug quantity. (Doc. Nos. 18-16, 18-17, 18-18). Daniel's motion was dismissed as being successive. (Doc. Nos. 18-19, 18-20). The Southern District of Florida denied Daniel's certificate for appealability, as did the Eleventh Circuit, finding Daniel failed to make a substantial showing of the denial of a constitutional right. (Doc. Nos. 18-21, 18-22).

Daniel then sent a letter to the Honorable James C. Paine, who construed Daniel's letter as a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). Daniel's motion was denied, and the denial was affirmed on appeal. (Doc. Nos. 18-24,

18-25). The United States Supreme Court denied Daniel's petition for writ of certiorari. (Doc. No. 18-26).

In this petition, Daniel asserts that he is actually innocent of the quantity of crack cocaine the sentencing court used to calculate his base offense level. Daniel also asserts that drug quantity was not charged as an element in the indictment, and, accordingly, his minimum mandatory sentence should have been determined under 21 U.S.C. § 841(b)(1)(C). Daniel avers that his sentence was enhanced illegally based on the career offender enhancement. Daniel contends that his sentence enhancement violates his right to due process. Finally, Daniel contends that judges have expressed that his sentence was greater than necessary, which constitutes an extraordinary circumstance warranting him relief. (Doc. No. 1).

Respondent asserts that Daniel does not meet the requirements of 28 U.S.C. § 2255's savings clause, and, accordingly, his petition should be dismissed.

## DISCUSSION AND CITATION TO AUTHORITY

Ordinarily, an action in which an individual seeks to collaterally attack his conviction should be filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, in those instances where a section 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). Section 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by

3

> motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis supplied). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Ramiro v. Vasquez, 210 F. App'x 901, 904 (11th Cir. 2006).

Daniel has styled his action as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Daniel asserts that a § 2255 motion is inadequate or ineffective to challenge the legality of his detention because he has no remaining judicial or administrative remedy since he already has filed a section 2255 motion and a successive § 2255/Rule 60(b) motion. (Doc. No. 1, p. 8).

Courts which have addressed whether remedies under § 2255 are inadequate or ineffective have found them to be so in very limited circumstances. See In re Dorsainvil, 119 F.3d 245, 248-49 (3d Cir. 1997) (holding that § 2255 remedy inadequate when intervening change in law decriminalizes conduct and defendant is barred from filing successive motion); Cohen v. United States, 593 F.2d 766, 771 n.12 (6th Cir. 1979) (holding that § 2255 remedy ineffective where defendant was sentenced by three courts, none of which could grant complete relief); Stirone v. Markley, 345 F.2d 473, 475 (7th Cir. 1963) (explaining that § 2255 remedy potentially ineffective where sentencing court refused to consider a § 2255 motion or unreasonably delayed consideration of motion); Spaulding v. Taylor, 336 F.2d 192, 193 (10th Cir. 1964) (holding that § 2255 remedy ineffective when sentencing court was abolished). None of the circumstances of these cases exists in the case *sub judice*.

AO 72A
(Rev. 8/82)

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255:

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

Daniel relies on the panel decision in Gilbert v. United States, 609 F.3d 1159 (11th Cir. 2010). However, the Eleventh Circuit vacated its panel decision and issued in its place Gilbert v. United States, No. 09-12513, ___ F.3d ___, 2011 WL 1885674 (11th Cir. May 19, 2011) (*en banc*)[1]. In the *en banc* Gilbert decision, the Eleventh Circuit determined "the savings clause of § 2255(e) does not permit a prisoner to bring in a § 2241 petition a guidelines miscalculation claim that is barred from being presented in a § 2255 motion by the second or successive motions bar of § 2255(h)."[2] ___ F.3d at ___, 2011 WL 1885674, at *17. "A defendant who is convicted and then has the § 4B1.1 career offender enhancement, or *any other guidelines enhancement*, applied in the calculation of his sentence has not been convicted of being guilty of the enhancement." Id. at *25 (Emphasis supplied). "[F]or claims of sentence error, at least

---

[1] Daniel requests that this Court hold these proceedings in abeyance until the United States Supreme Court decides whether to grant a petition for writ of certiorari. The Court declines to grant this request, as it appears unlikely that the Supreme Court will grant any such petition.

[2] "A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain— (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

where the statutory maximum was not exceeded, the point where finality holds its own against error correction is reached not later than the end of the first round of collateral review." Id. at *16. "[T]he savings clause does not apply to sentencing claims . . . where the sentence imposed was within the statutory maximum." Id. at *18.

Daniel was convicted of violating 21 U.S.C. § 841(a)(1), and the statutory sentence he faced for his conviction was at least ten (10) years, but no more than life, under 21 U.S.C. § 841(b)(1)(A).[3] The sentence imposed on Daniel (292 months' imprisonment) does not exceed this statutory maximum. Thus, Gilbert does not provide Daniel with his requested relief.

Daniel fails to present evidence that his claims are based on a retroactively applicable Supreme Court decision[4], that he was convicted of a non-existent offense, or that he was foreclosed on a previous occasion from making the same allegations as he does in the instant petition. In fact, Daniel made the same argument in his previously-filed section 2255 and section 3582 motions as he does in this petition. Simply because the trial court denied Daniel's claims does not mean that section 2255's remedy is inadequate or ineffective. Daniel has not satisfied the requirements of § 2255's savings clause. See Wofford, 177 F.3d at 1244; see also Dean v. McFadden, 133 F. App'x 640, 642 (11th Cir. 2005) (noting that all three requirements of the Wofford test must be

---

[3] Based on the plea agreement, it appears that Daniel was sentenced under section 841(b)(1)(A) or a very similar statute which was in place in 1991, the year Daniel was sentenced. (Doc. No. 18-2).

[4] Daniel relies on several decisions issued by the United States Supreme Court; however, these cases do not provide Daniel with any relief. Carachuri-Rosendo v. Holder, ___ U.S. ___, 130 S. Ct. 2577 (June 14, 2010), involved removal proceedings under the Immigration and Nationality Act. This case did not change any sentencing enhancement Daniel received. Likewise, United States v. O'Brien, ___ U.S. ___, 130 S. Ct. 2169 (2010), does not lend support to Daniel's position. In O'Brien, the Supreme Court found that the current version of section 924(c)(1)(B)(ii) and the use of a machine gun as the "firearm" is an offense element which the jury should determine beyond a reasonable doubt. ___ U.S. at ___, 130 S. Ct. at 2180. Finally, for the reason Carachuri-Rosendo offers Daniel no relief, Simmons v. United States, ___ U.S. ___, 130 S. Ct. 3455 (June 21, 2010), does not either, as the Supreme Court remanded in Simmons in light of the Carachuri-Rosendo decision.

satisfied before section 2255's savings clause is satisfied). Because Daniel has not satisfied the requirements of § 2255's savings clause, he cannot "open the portal" to argue the merits of his claim. See Wofford, 177 F.3d at 1244 & n.3; see also Dean, 133 F. App'x at 642.

Daniel cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as being filed pursuant to § 2241. "[W]hen a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003). Daniel is doing nothing more than "attempting to use § 2241. . . to escape the restrictions of § 2255." Wofford, 177 F.3d at 1245.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Daniel's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 6th day of July, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)